**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4510**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICARDO DEON LITTLE,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.   James A. Beaty, Jr., District Judge.   (CR-03-434)

———————

Submitted:  August 22, 2005      Decided:  September 15, 2005

———————

Before WILKINSON, WILLIAMS, and MOTZ, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Urs Roland Gsteiger, HORTON & GSTEIGER, P.L.L.C., Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ricardo Deon Little pled guilty pursuant to a plea agreement to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2000). He was sentenced to sixty-four months in prison and three years of supervised release. Little appeals, claiming his sentence was imposed in violation of Blakely v. Washington, 542 U.S. 296 (2004). We vacate his sentence and remand for resentencing.

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court applied the rationale of Blakely to the federal sentencing guidelines and held that the mandatory guidelines scheme that provided for sentence enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Booker, 125 S. Ct. at 746-48, 755-56 (Stevens, J., opinion of the court). The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2004) (requiring sentencing courts to impose a sentence within the applicable guidelines range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2004) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (citing Booker, 125 S. Ct. at 757, 764 (Breyer, J., opinion of the Court)).

Because Little raises this claim for the first time on appeal, we review it for plain error. See Hughes, 401 F.3d at 547. We find plain error when: (1) there was error; (2) it was plain; and (3) it affected the defendant's substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). If these conditions are met, we may then exercise our discretion to notice the error, but only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and alterations omitted).

We conclude that the imposition of a four-level enhancement for possession of a firearm by a convicted felon in connection with another felony constituted plain error in violation of the Sixth Amendment under Booker, because the facts supporting the firearm enhancement were not alleged in the indictment or admitted by Little.[1] Without this enhancement, Little's total offense level would be twenty-two and his guideline range would be 51 to 63 months in prison.[2] Because the sixty-four month sentence

---

[1]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Little's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

[2]This range does not take into account the proposed three-level reduction for acceptance of responsibility. See United States v. Evans, 416 F.3d 298, 300-01 & n.4 (4th Cir. 2005) (noting that, in determining whether Sixth Amendment error occurred, sentence imposed must be compared to permissible guideline range

imposed exceeds the guidelines range calculated without the four-level enhancement, Little's sentence constitutes plain error that affects his substantial rights under <u>Booker</u> and <u>Hughes</u>.

We therefore vacate Little's sentence and remand for resentencing consistent with <u>Booker</u> and its progeny.[3]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

before adjusting for acceptance of responsibility).

[3]Although the Sentencing Guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. <u>Hughes</u>, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a), and then impose a sentence.  <u>Id.</u>  If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2).  <u>Id.</u>  The sentence must be "within the statutorily prescribed range and . . . reasonable."  <u>Id.</u> at 547 (citation omitted).